By the Court.
Mervin Rolley, the defendant in error, plaintiff below, was in the employ of The American Sheet & Tin Plate Company, and about August 10, 1915, while in such employ, received an injury. The company had theretofore availed itself of the provisions of the statute authorizing it to pay compensation directly to its injured employes, and after the date on which the plaintiff received his injury the company paid him twelve dollars a week for four consecutive weeks. The company then ceased to make any further payments to him, and Rolley, in March, 1916, filed his application with the Industrial Commission asking that the commis *383 sion order the company to pay him compensation from September 15, 1915. On the hearing the commission found that the proof' submitted by the claimant in support of his claim “does not establish the fact that the disability described in said application is due to an injury sustained by him while in the course of his employment,” and, therefore, denied his application.
The claimant appealed to the common pleas court on April 20, 1916, and at the January term, 1917, to-wit, January 8, 1917, the cause was, on motion of the plaintiff, dismissed at his costs by the court of common pleas. Some eleven months afterwards, about December 30, 1917, the claimant filed his application with the Industrial Commission for a rehearing of his claim, and such proceedings were thereafter had before the commission with reference thereto that the application was dismissed by the commission.
The plaintiff then appealed to the common pleas court again, where a motion was filed to dismiss the appeal, which was overruled by the court. On the final hearing of the cause in the common pleas court, judgment was rendered for the plaintiff, and, on error, this judgment was affirmed by the court of appeals. This proceeding is brought to reverse the judgment below.
On the authority of Industrial Commission v. Glenn, 101 Ohio St., 454, the motion to dismiss the appeal filed by the defendant should have been sustained for the reasons given in the opinion in the *384 Glenn case. For these reasons the judgments of the courts below will be reversed.

Judgments reversed.

Marshall, C. J., Johnson, Robinson, Jones and Matthias, JJ., concur.